Dabovich v. Emeric.

---

## DABOVICH *et al. v.* EMERIC.

A complaint, alleging that the defendant sold to plaintiffs a certain share of fruit growing in an orchard, and after the sale executed a guaranty that the share of plaintiffs should be at their disposal, and further alleging a demand for the same and the refusal of the defendant to deliver, is demurrable, as it should have contained an assignment of the breach of the contract or guaranty.

The true point in issue is, whether the defendant undertook to deliver. From the nature of the sale, it operated as a delivery. There was no necessity of a demand on defendant, unless for the purpose of enabling him to comply with his guaranty.

APPEAL from the Superior Court of the City of San Francisco.

This was an action in the Court below for a breach of contract. The plaintiffs, who are fruit dealers in San Francisco, purchased of the defendant, for the sum of four hundred dollars, sixteen-fortieths of the pears growing in a certain orchard. After such

sale, the defendant, for the consideration of fifty dollars, executed the following guaranty: "Having this day sold to Messrs. Nicholas Dabovich & Co., three shares and one-fifth of one share of the pears standing on the trees of the orchard of San Pablo, which orchard is divided into eight shares, I hereby guaranty to Nicholas Dabovich & Co. that the said three shares and one-fifth of one share of said pears will be at his disposal on the trees, free of trouble or annoyance from other parties to him.

"San Francisco, June 14th, 1856.            JOSEPH EMERIC."

The plaintiffs alleged a demand and refusal to deliver on the part of the defendant. To the complaint there was a demurrer, which was overruled, and judgment for the plaintiffs.

Defendant appealed.

*Sloan and Hartman* for Appellant.

We present but a single point for the consideration of the Court in this case, to wit, the error committed by the Court below in overruling defendant's demurrer.

It cannot be questioned that upon the guaranty, the plaintiffs' complaint should aver such a breach, by trouble or annoyance from other parties, as if proven, and provided the defendant had title to the fruit, would enable him to recover over against the wrong doers, causing the trouble or annoyance.

The only breach assigned is, that the plaintiffs made demand for the pears, and that the plaintiff refused to deliver them. This is clearly insufficient, and gives plaintiffs no title to recover. The only proper breaches to be assigned would be, either that the pears were not on the trees at the disposal of the plaintiffs, or that they could not procure them free of trouble and annoyance from other parties. No other delivery of the pears was contemplated by the terms of the contract, than the delivery made at the time of closing the contract, to wit, upon the trees. From the nature of the agreement this delivery took place at the very moment that the contract was concluded. The property passed to the plaintiffs, and the guaranty of the defendant was, in part, that the pears were on the trees at the disposal of the plaintiffs. No future action on the part of the defendant was necessary to complete his part of the agreement. When the sale was closed he had already done all he was bound to do. No subsequent demand and refusal could fix any liability upon him. He was only liable in case the fruit was not on the trees, or in case the plaintiffs were troubled or annoyed by other parties. The very contract itself is repugnant to the idea of a demand and refusal to deliver.

*P. Barry* for Respondents.

The appellant manifestly confuses what is of the nature of the

Dabovich v. Emeric.

contract with the essence of the contract.   The three essentials of a contract are, the price, the thing sold, and the consent or agreement of the buyer and seller.   Without those three essentials there is no contract of sale.

The obligation of guaranty or warranty to deliver the thing sold to the buyer, on his payment of the price, arises from the very nature of the contract of sale.   And the consequence of this obligation to deliver, involves on the seller the obligation of providing a key to the warehouse, or the gate of the farm—and to give free access to the buyer—to go to the place to receive the thing sold—the obligation to take care of and preserve the thing sold until the time of delivery—also, to pay the costs of measuring or weighing the thing sold.   All these obligations are of the nature of the contract of sale, but they are not of the essence, because the sale may be valid without them.

The respondent contends :

1. The implied obligation of the defendant to deliver the three and one-fifth shares of one-eighth, was consummated and complete on the payment of four hundred dollars, before the written guaranty was executed.

2. The written guaranty, then, must have been intended by the parties to convey a still further obligation of the seller to the buyer, for the seller received and the buyer paid fifty dollars for it.   The seller certainly could not have charged the buyer fifty dollars for restricting them in their rights acquired in the purchase of the pears.   We do not believe the seller contemplated such sharp practice.

The fair, plain, and natural interpretation of the written guaranty, " I hereby guaranty, that the said three and one-fifth shares of said pears will be at his disposal on the trees, free 'from trouble or annoyance from other parties to him." Here the words, " will be at his disposal on the trees," involves a delivery; for how could they be at his disposal unless he had the possession of the thing, and the right to convert it to his own use.   The primary obligation is the delivery.   The latter clause, " free from trouble or annoyance from other parties to him," must apply to the possession after delivery, and would form the subject of a separate breach, as the covenant of quiet and peaceable possession in a conveyance of land.   This appears to us to be the legitimate construction of the written guaranty.   The words, " will be at his disposal," contemplated a future time for delivery, at the will of the purchaser.   It was the buyer's right to judge of the time of maturity of the pears—it was acquired in the contract of purchase.

The appellant contends that the language of the contract is repugnant to the idea of a demand and refusal to deliver—here we contend for the contrary.

Story, in his Treatise on the laws of contracts not under seal,

Dabovich v. Emeric.

says : " The first rule of law applicable to delivery, and to which all other rules of law are subordinate, is that no sale is complete so as to vest an immediate right of property in the buyer, so long as anything remains to be done, as between the buyer and the seller   The goods sold must be identified, separated, and distinguished from all other goods, or from the bulk or mass with which they are mixed." Story on Contracts, § 504.

The plaintiffs' obligation was to separate the three and one-fifth shares from the mass, or whole eight shares.

Let us reverse the case, and suppose the buyer did not pay the price at the time of the contract, and the vendor sued the buyer for the price. The defendant sets up in his answer, that the plaintiffs failed and refused to deliver the thing sold, as plaintiffs had set up in their complaint in this action. Would any Court of justice, or would any jury, find for the vendor after such a defence proved ? We think not.

MURRAY, C. J., after stating the facts, delivered the opinion of the Court.—BURNETT, J., concurring.

The error relied on is the overruling of the demurrer. The complaint contains no assignment of the breach of the contract, or guaranty. It is true it alleges a demand and refusal to deliver, but the true point in issue is, whether the defendant had undertaken to deliver. From the very nature of the first contract of sale, the delivery took place as soon as the sale was made. So far as that sale was concerned, they became the owners of the fruit upon the trees, and could only maintain an action against the defendant in case he converted the property, or interfered with them in picking it. As to the guaranty, its effect was simply that the pears should be on the trees, at the disposal of the defendants, and that they should not be disturbed in their right to gather them by third persons. To recover on this contract, it was necessary to allege and prove either that the fruit was not on the trees, or that the plaintiffs had been interfered with by third parties in gathering it. There was no necessity for any demand upon the defendant, unless for the purpose of enabling him to comply with the terms of his guaranty.

Judgment reversed and cause remanded, with leave to amend.